# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCIE OLA WRIGHT, Jr., <br><br> Petitioner, <br><br> v. <br><br> FELKER, Warden, <br><br> Respondent. | CASE NO. 08 cv 2255 JM (PCL) <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Doc. No. 14 |

Ocie Ola Wright, Jr. ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in December 2008. Therein, Petitioner claims his guilty plea was involuntary, his Sixth Amendment right to a trial by jury was violated, and he received ineffective assistance of counsel. (Doc. No. 1 at 6-9.) Pending before the court is a motion by Respondent, the warden at the prison where Petitioner is incarcerated, to dismiss the petition as untimely under 28 U.S.C. § 2244(d). (Mot., Doc. No. 11.) Petitioner filed an opposition and accompanying exhibits. (Opp'n, Doc. Nos. 12 and 13.) Also pending are Petitioner's motions for an evidentiary hearing (Doc. No. 2), for untimely filing (Doc. No. 3),[1] and to appoint counsel for the petition (Doc. No. 10), and to appoint counsel on the issue of equitable tolling (Doc. No. 18).

---

[1] The court construes Petitioner's "Motion and request for untimely filing" as an Application for Equitable Tolling. (Doc. No. 3.) It was considered as part of Petitioner's opposition. (R&R at 6.)

On March 30, 2009, Magistrate Judge Peter C. Lewis issued a Report and Recommendations ("R&R") in which he advised the court to grant Respondent's motion, dismiss the petition, and deny Petitioner's remaining motions as moot. (Doc. No. 14.) Petitioner filed his objections on April 27, 2009. (Doc. No. 16.) The court observes Petitioner submitted additional objections as part of his motion to appoint counsel and reviews those accordingly. (Doc. No. 18, Decl.)

         Having carefully considered the thorough and thoughtful R&R, the record before the court, Petitioner's objections, and the applicable authorities, the court **ADOPTS** the R&R **IN ITS ENTIRETY**. Furthermore, the court **DENIES** Petitioner's motion to appoint counsel on the issue of equitable tolling which was filed after the period set for objections to the R&R. (Doc. No. 18.)

**I. BACKGROUND**

         The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636. The court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

         The court hereby incorporates by reference the factual and procedural Background presented in the R&R. (R&R at 2.)

**II. DISCUSSION**

         The R&R concludes the instant petition is time-barred by the AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). In particular, the R&R finds Petitioner's limitations period expired on April 16, 2007, a full nineteen months before he filed the present federal petition. (R&R at 3-4.)

   A. Statutory Tolling

         The R&R also concludes that, because Petitioner failed to file a state petition for habeas relief before the expiration of the one-year period, he is not entitled to statutory tolling. (R&R at 4-5.) The court agrees with this conclusion.

   B. Equitable Tolling

         The R&R also recommends a finding that Petitioner is not entitled to equitable tolling. (R&R

1  at 5-10.) The court reiterates, equitable tolling is "unavailable in most cases," <u>Miles v. Prunty</u>, 187
2  F.3d 1104, 1107 (9th Cir. 1999), and is only appropriate where a habeas petitioner demonstrates "he
3  has been pursuing his rights diligently, and...some extraordinary circumstance stood in his way." <u>Pace</u>
4  <u>v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Furthermore, Petitioner must show the "extraordinary
5  circumstances" he has identified, rather than merely a lack of diligence on his part, were the proximate
6  cause of his untimeliness. <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003); <u>Stillman v.</u>
7  <u>LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir. 2003).

8  In addressing the equitable tolling issue, the R&R focuses on the time during which the
9  limitations period ran, namely April 2006 to April 2007. However, a total of 31 months expired
10 between the time Petitioner's state judgment became final and the filing of his federal petition.
11 Therefore, to prevail, Petitioner must demonstrate entitlement to equitable tolling for at least 19
12 months out of the period from April 2006 to December 2008.

13 Any attempt by Petitioner to rely on his state court filings in this regard would fall short.
14 Petitioner's initial petition in the Superior Court was pending for two months but Petitioner has met
15 his burden to show the petition was properly filed. (Lodgment 4; Mot. at 4.) Furthermore, Petitioner's
16 habeas filings in the California Court of Appeal and the California Supreme Court were expressly
17 denied as untimely. (Lodgments 6 and 8.) Since untimely state petitions do not serve to toll the
18 statute of limitations in a statutory sense, it would be inappropriate for such "improperly filed"
19 petitions to provide a basis equitable tolling. <u>Pace</u>, 544 U.S. at 414-15; <u>Bonner v. Carey</u>, 425 F.3d
20 1145, 1148 (9th Cir. 2005).

21 The primary argument advanced by Petitioner is that his mental disease and the psychotropic
22 medications he takes created an impediment to his understanding of the statute of limitations and his
23 ability to file a timely petition. (Opp'n at 3; Doc. No. 18, Decl.) The R&R concludes Petitioner failed
24 to show he suffered from a serious mental disability or any causal link between his disability and the
25 lengthy lapse in seeking habeas relief. (R&R at 8.)

26 In his objections, Petitioner cites again to medical records he submitted previously. (Doc. No.
27
28

16 at 3; R&R at 8.) Many of the records fail to address the time period in question,[2] and Petitioner essentially invites the court to render a medical opinion as to how such medications affected his mental state. (Doc. No. 16 at 3 ("Mr. Wright's showing of extraoridanry [sic] circumstances can be shown by any medical doctor's knowledge of medication.")) Petitioner argues he has been taking these various medications consistently since March 7, 2006. (Doc. No. 18, Decl.) Even so, Petitioner has not demonstrated a mental deficit which would constitute an "extraordinary circumstance." While the psychiatric assessments indicate Petitioner suffered from depression, anxiety, insomnia, and hallucinations, there is no indication of cognitive impairment which rises to the level required here. (Opp'n, Exhs. 6-12.) Indeed, in Petitioner's Mental Health Assessment from March 22, 2006, the reporting physician indicated Petitioner's "organization of thought" and "association of thought" were "slowed," but his "fund of information" and "intellectual functioning" were within normal limits. (Opp'n, Exh. 11.) As of June 12, 2008, Petitioner's Mental Health Placement Chrono assessed his Global Assessment of Functioning ("GAF") score at 62, indicative of "some mild symptoms (such as depression or mild insomnia) or some difficulty in social and occupational functioning...but generally functioning pretty well." Diagnostic and Statistical Manual of Mental Disorders, 4th ed. (text revision), American Psychiatric Association, Washington DC, 2000. Nothing in these analyses allows the court to conclude Petitioner's mental illness constituted an "extraordinary circumstance" which prevented him from seeking relief during the period of April 2006 to December 2008.[3]

In addition, the R&R finds the time Petitioner spent in administrative segregation, lock-downs, and transport between prisons did not amount to an "extraordinary circumstance." Petitioner reiterates his arguments on these topics in his objections. (Doc. No. 16 at 4-5.) The court agrees with the R&R that these facts do not constitute "extraordinary circumstances" sufficient to explain the delay in filing his federal petition. Other courts have concluded contentions involving placement in administrative

---

[2] Exhibit 3 (called "Lodgment 3") to the Opposition is Petitioner's Mental Health Chrono from June 2008, Exhibit 4 is a Suicide Risk Assessment Checklist dated February 13, 2009, and Exhibit 5 is a Mental Health Placement form placing Petitioner in the Enhanced Outpatient Program, dated March 22, 2006. (Opp'n, Exhs. 3-5.)

[3] Petitioner also argues the county jail's refusal to provide him with copies of his medical records is a state-created impediment to his case. (Doc. No. 16 at 4.) A review of the request form shows Petitioner did not request documents for the relevant timeframe. (Doc. No. 16, Exh. A.)

1  segregation, difficulty in gaining library access, and prison lockdowns fail to make the grade. See
2  Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S.Ct. 210 (1998) (limited library
3  access); Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2000) (solitary
4  confinement), aff'd, 255 F.3d 65, 75 (2d Cir. 2001); Atkins v. Harris, No. C 98-3188, 1999 WL 13719
5  at *2 (N.D. Cal. Jan. 7, 1999) (lockdowns, limited library access, lack of legal training). Prisoners
6  must take such restrictions into account when calculating when to file a federal petition.

7  In his objections, Petitioner also argues he is entitled to equitable tolling because his trial
8  counsel did not notify him of the one-year limitations period. (Doc. No. 16 at 3.) Unfortunately for
9  Petitioner, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse
10 prompt filing" of a habeas petition. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert.
11 denied, 531 U.S. 1164 (2001).

12 In sum, as concluded in the R&R, Petitioner is not entitled to equitable tolling, and his petition
13 is therefore time-barred by the AEDPA statute of limitations.

14 **III.  MOTION TO APPOINT COUNSEL ON EQUITABLE TOLLING**

15 On May 1, 2009, *nunc pro tunc*, Petitioner submitted a request for counsel on the equitable
16 tolling issue. (Doc. No. 18.) Petitioner's supplemental brief, however, largely focuses on the merits
17 of the petition itself rather than why the court should appoint counsel to represent Petitioner on the
18 equitable tolling issue. Petitioner's only contention on point is his comment that "he does not possess
19 the learning of a lawyer and therefore might omit facts important to this claim." (Doc. No. 18 at 1.)

20 The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by
21 state prisoners. See McClesky v. Zant, 499U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453,
22 460 (9th Cir.1996) (noting that there currently exists no constitutional right to appointment of counsel
23 in habeas proceedings); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, courts may
24 appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254
25 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Chaney, 801 F.2d at 1196.
26 Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary
27 hearing is necessary. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining
28 that the interests of justice require appointment of counsel when the court conducts an evidentiary

1 hearing on the petition). Where there are no disputed material facts, an evidentiary hearing is not
2 appropriate. McKnight v. Comstock, 445 F.3d 317, 317 (9th Cir. 1971).

3 A court's discretion to appoint counsel may be exercised only under "exceptional
4 circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional
5 circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability
6 of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'
7 Neither of these issues is dispositive and both must be viewed together before reaching a decision."
8 Id. (quoting Wilborn v. Escalderon, 789 F.2d 1238, 1331 (9th Cir. 1986)).

9 Upon review of Petitioner's filings, the court concludes there are no disputed facts warranting
10 an evidentiary hearing; in fact, the government did not respond to the claim for equitable tolling
11 presented in Petitioner's Opposition. Even so, the dispute involves only the proper conclusions to be
12 drawn from those facts. Further, as revealed in the discussion above, Petitioner has not demonstrated
13 a likelihood of success on the merits of the equitable tolling argument. Petiitoner's request for an
14 appointment of counsel on this issue is therefore **DENIED**.

15 **IV.  CONCLUSION**

16 For the reasons set forth above, the court **ADOPTS the R&R IN ITS ENTIRETY** (Doc. No.
17 14). Accordingly, the court **GRANTS** Respondent's motion to dismiss (Doc. No. 11). The Petition
18 (Doc. No. 1) is hereby **DISMISSED** and Petitioner's motions for an evidentiary hearing (Doc. No.
19 2), for untimely filing (Doc. No. 3), and to appoint counsel (Doc. No. 10) are **DENIED** as moot.
20 Furthermore, the court **DENIES** Petitioner's motion to appoint counsel on the equitable tolling issue.
21 (Doc. No. 18.) The Clerk of Court is instructed to close the case file.

22 **IT IS SO ORDERED.**

23 DATED: May 18, 2009

24 _____
Hon. Jeffrey T. Miller
25 United States District Judge